Dear Mr. Watson:
Your law firm represents The Honorable Robert K. McKee, Lake County Tax Collector, and you have requested an opinion on Mr. McKee's behalf on substantially the following question:
What statutory procedure is the tax collector required to follow in refunding money paid by the purchaser of a tax deed when taxation of that property was in error?
In sum:
Section 197.432(10), Florida Statutes, and Rule 12D-13.057, Florida Administrative Code, describe the procedure to be used by the tax collector in refunding payments on a tax deed sold based upon an improperly issued tax certificate.
According to your letter, a parcel of real property located in Lake County, Florida, was recently sold for the nonpayment of taxes at a tax deed sale. Following the sale, it appears that a determination was made by county officials that the property was assessed erroneously and that the tax deed should not have been sold. The Tax Collector has requested this office's assistance in determining what process should be followed in providing a refund in such a situation.
Section 197.432, Florida Statutes, sets forth the procedure for the sale of tax certificates by the tax collector. Each sold certificate is "struck off to the person who will pay the taxes, interest, costs, and charges and will demand the lowest rate of interest, not in excess of the maximum rate of interest allowed by this chapter."[1] In any case where there is no buyer, the certificate shall be issued to the county at the maximum rate of interest allowed by Chapter 197, Florida Statutes.[2]
Section 197.432, Florida Statutes, contains a procedure addressing refunds for tax certificates which have been determined to be void due to an error of the property appraiser:
"Any tax certificates issued pursuant to this section after January 1, 1977, which are void due to an error of the property appraiser, the tax collector, any other county official, or any municipal official and which are subsequently canceled, or which are corrected, pursuant to this chapter or chapter 196 shall earn interest at the rate of 8 percent per year, simple interest, or the rate of interest bid at the tax certificate sale, whichever is less, calculated from the date the certificate was purchased until the date the refund is ordered. Refunds made on tax certificates that are corrected or void shall be processed in accordance with the procedure set forth in s. 197.182, except that the 4-year time period provided for in s. 197.182(1)(c) does not apply to or bar refunds resulting from correction or cancellation of certificates and release of tax deeds as authorized herein."[3]
The statute specifically provides that "[i]f the taxpayer contacts the property appraiser first, the property appraiser shall refer the taxpayer to the tax collector."[4]
Thus, section 197.432, Florida Statutes, directs that refunds must be processed in accordance with section 197.182, Florida Statutes, and that interest is to be calculated and paid on these certificates. Section 197.182, Florida Statutes, generally provides that the Department of Revenue "shall pass upon and order" refunds when payment of taxes assessed on the county tax rolls has been made "for tax certificates that are subsequently corrected or are subsequently determined to be void under s. 197.443."[5]
Rules of the Department of Revenue require that the tax collector initiate action to cancel any improperly issued tax deed that has been sold based on an improperly issued certificate when the taxpayer or his or her representative has made a written request of the tax collector advising him or her of the error.[6]
The rule requires that, in situations where the error involves land on which a tax deed has been sold, it is the tax collector's duty to report such findings to the clerk of the court.[7] Certificates may be canceled only by a court or upon approval by the Department of Revenue for the following reasons:
"(a) Taxes have been paid;
(b) Lands were not subject to taxation at the time of assessment;
(c) The description of the property in the tax certificate is void;
(d) an error or omission that invalidates the sale;
(e) The tax certificate is void for some other reason."[8]
The holder of a tax certificate which is void pursuant to these provisions is entitled to receive the purchase price plus interest at the rate bid at the tax certificate sale or eight percent, whichever is less, calculated monthly from the date of purchase until the date the refund is ordered.[9] The interest is charged to the taxing authorities on a pro-rata basis.[10] The county officer or taxing authority responsible for the error resulting in issuance of the void tax certificate is also responsible for the costs of advertising incurred in the sale of the tax certificate.
When the Department of Revenue orders a refund, section 197.182(2)(a), Florida Statutes, requires that a copy of the department's order be forwarded to the tax collector "who shall then determine and certify to the county, the district school board, each municipality, and the governing body of each taxing district, their pro rata shares of such refund, the reason for the refund, and the date the refund was ordered by the department." The statute then describes the duties of each taxing authority:
"The board of county commissioners, the district school board, each municipality, and the governing body of each taxing district shall comply with the order of the department in the following manner:
1. Authorize the tax collector to make refund from undistributed funds held for that taxing authority by the tax collector;
2. Authorize the tax collector to make refund and forward to the tax collector its pro rata share of the refund from currently budgeted funds, if available; or
3. Notify the tax collector that the taxing authority does not have funds currently available and provide in its budget for the ensuing year funds for the payment of the refund."[11]
Refunds ordered by the department to be made pursuant to section 197.182, Florida Statutes, must be made by the tax collector as one aggregate amount made up of all the pro rata shares of the several taxing authorities concerned. A partial refund is allowed by the statute when one or more of the taxing authorities concerned does not have funds currently available to pay their pro rata share of the refund and this would result in an unreasonable delay in the total refund.[12] The tax collector is required to provide a statement explaining the refund to accompany the refund payment.[13]
In sum, it is my opinion that section 197.432(10), Florida Statutes, and Rule 12D-13.057, Florida Administrative Code, describe the procedure to be used by the tax collector in refunding payments on a tax deed sold based upon an improperly issued tax certificate.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] Section 197.432(5), Fla. Stat.
[2] Id.
[3] Section 197.432(10), Fla. Stat.
[4] Section 197.182(1)(f), Fla. Stat.
[5] Section 197.182(1)(a)5., Fla. Stat.
[6] Rule 12D-13.057(1), Fla. Admin. C., andsee Rule 12D-13.009(1)(a), Fla. Admin. C., providing that the term "request" for refund shall mean the tendering of a signed Form DR-462, Application for Refund of Ad Valorem Taxes to the tax collector. This rule also provides that when a certificate of correction from the property appraiser predates the Form DR-462, the claim date shall be the date the certified Form DR-409 is delivered to and received by the tax collector.
[7] Rule 12D-13.057(2), Fla. Admin. C.
[8] Rule 12D-13.057(5), Fla. Admin. C.
[9] Rule 12D-13.057(6), Fla. Admin. C.
[10] And see rule 12D-13.009, Fla. Admin. C.
[11] Section 197.182(2)(b), Fla. Stat.
[12] Section 197.182(3), Fla. Stat.
[13] Id.